**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN PIEDRA-GUTIERREZ,

    Defendant - Appellant.

No. 25-1203
(D.C. No. 1:23-CR-00049-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Martin Piedra-Gutierrez pleaded guilty to one count of conspiracy to distribute

and possess with intent to distribute 50 grams or more of methamphetamine and

40 grams or more of fentanyl.  The district court sentenced him to 134 months'

imprisonment.  He filed a notice of appeal.  The government moved to enforce the

appeal waiver in Piedra-Gutierrez's plea agreement pursuant to *United States v.*

*Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

Piedra-Gutierrez's counsel responded to the motion, citing *Anders v.*

*California*, 386 U.S. 738, 744 (1967), and stating that there is no non-frivolous basis

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to oppose the motion. Counsel also requested that he be permitted to withdraw from representing Piedra-Gutierrez.

As *Anders* requires, we gave Piedra-Gutierrez the opportunity to file a pro se response to the government's motion. In his response, he first states: "After careful consideration and assistance in translating, I want to notify the Court that I no longer wish to proceed with my objection to the Plea Agreement. I understand that after this, my case may or would be finally decided against me." Pro se Resp. at 1.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we fully examined all the proceedings. *See* 386 U.S. at 744. After doing so, we agree there is no non-frivolous basis to oppose the government's motion.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Piedra-Gutierrez's attorney.

Entered for the Court


Per Curiam

2